**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

_____

| | | |
|---|---|---|
| | ) | |
| Lyon Financial Services, Inc. a | ) | |
| Minnesota corporation, doing business | ) | Case File No. 08-CV-05523 |
| as USBancorp Business Equipment | ) | (DWK/JJK) |
| Finance Group, with its | ) | |
| principal offices at Marshall, Minnesota, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| Shyam L. Dahiya, M.D., Inc., a | ) | |
| California corporation and Shyam L. | ) | |
| Dahiya, individually, | ) | |
| | ) | |
| Defendants, | ) | **THIRD PARTY COMPLAINT** |
| | ) | |
| and | ) | |
| | ) | |
| Shyam L. Dahiya, M.D., Inc., a | ) | |
| California corporation and Shyam L. | ) | |
| Dahiya, individually, | ) | |
| | ) | |
| Third Party Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| Syneron, Inc, a Delaware corporation, | ) | |
| | ) | |
| Third Party Defendant. | ) | |

_____

**COMES NOW**, the Third Party Plaintiff, Shyam L. Dahiya, M.D., Inc., a

California corporation, and Shyam L. Dahiya, individually (collectively "Dahiya), for

their Third Party Complaint states and alleges as follows:

**<u>INTRODUCTION</u>**

1.     In summary, Dahiya, in response to heavy marketing and aggressive sales

tactics by Syneron, attempted to acquire medical product. Syneron made many false and

deceptive representations related to the equipment and services. Dahiya found that

Syneron's product did not work. The product generated no income. Syneron's related

promises of services and training were never provided.  Syneron worked closely with its

business partner, U.S. Bank, to finance the transaction in question so Syneron would be

paid up front in full for the defective goods thereby leaving Dahiya "holding the bag" for

the worthless equipment.

## JURISDICTION

2.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §

1332 (diversity of citizenship).

3.     Dahiya's state law claims are predicated on the Court's diversity

jurisdiction or alternatively under the Court's supplemental jurisdiction.

4.     Syneron seek damages, exclusive of costs and disbursements, in an

amount in excess of $75,000.00 against the Syneron.

## PARTIES

5.     Shyam L. Dahiya, MD, a citizen of the State of California, is a medical

doctor specializing in bariatric surgery.

6.     Shyam L. Dahiya, M.D., Inc. a California corporation, has its principle

place of business 3650 South Street, Suite 412, Lakewood, California 90712; such

corporation is the entity that that operates Dr. Dahiya's medical practice.

7.      Syneron, Inc, a Delaware corporation, is located at

28 Fulton Way, Unit 8, Suite 100, Richmond Hill, Ontario, L4B 1J5 Canada, and it

manufactures and distributes medical aesthetic devices that are powered by the

proprietary, patented elôs combined-energy technology of Bi-Polar Radio Frequency and

Light. According to Syneron, its innovative elôs technology provides the foundation for highly effective, safe and cost-effective systems that enable physicians to provide advanced solutions for a broad range of medical-aesthetic applications for facial and body shaping applications.

8.     Lyon Financial Services, Inc. a Minnesota corporation, doing business as USBancorp Business Equipment  Finance Group, with its principal offices at Marshall, Minnesota ("U.S. Bank"), is a subsidiary of U.S. Bank, National Association, which is headquartered in Minneapolis, Minnesota.

**FACTUAL BACKGROUND**

9.     Dahiya restates and re-alleges the allegations set forth in 1-8 above as though fully set forth herein and further states and alleges as follows:

10.     By way of background, Dr. Dahiya is a leading internationally recognized bariactric surgeon.

11.     Syneron aggressively marketed its: elight System (1 Head System) and a Vela Elös System (1 Head System). Each "e" system included one software encrypted key and two pairs of operator protective eyewear for each application as well as a clinical device application and marketing material.

12.     According to Syneron, the ELOS system is a laser aesthetic procedure used to tighten the skin through a non-invasive surgical procedure as well as collagen remodeling. Further the product can be used for IPL skin rejuvenation and the removal of red vascular and brown pigment discoloration.

13.     Dr. Dahiya, as well as other leading bariatric surgeons, were feted by

3

Syneron at "Mr. Chow's" restaurant in Beverly Hills California. At Mr Chow's, Syneron conducted an aggressive sales and marketing presentation to the attendees. Dr. Dahiya, although reluctant, decided to buy the product in 2006 based on the representations and warranties provided by Syneron.

14.    Syneron heavily marketed medical products and services to Dahiya. The medical products and related services involved the removal of excess skin from bariatric patients— a condition that often occurs after a large drop in body weight.

15.    Dahiya decided to use the product based upon numerous written and verbal representations by Syneron through its employees, agents, and officers.

16.    Syneron connected Dahiya to Syneron's financial partner, U.S. Banks Health Finance, an affiliate and/or d/b/a of the Plaintiff. U.S. Bank Health Care finances Syneron's sales so Syneron could book a profit immediately and the customer would be left to pay for equipment and services over time plus interest to the lender.

17.    The Syneron sales representative promised Dr. Dahiya marketing and training support. This training and support was absolutely essential because misuse of the product, due to lack of training, could cause serious injury and/or death to his patients.

18.    Dr. Dahiya was to be assisted by "Kathy" from Syneron; she had years of experience in assisting medical practices and building their revenues. It was further anticipated that Dr. Dahiya was to participate in a video using the product with one of his patients—famous actress and media personality Carne Wilson. Syneron and Dr. Dahiya were to agree on a public relations venue and Dr. Dahiya was to be the only bariatric surgeon endorsing the treatment.

19.     Moreover, Dr. Dahiya was promised free marketing material, brochures, patient mailers, a patient waiting room video, on going support, ie. pricing, current competition, and how to create/build a medical spa. Syneron was to offer advanced training both on the technical and marketing side of things.

20.     Many of these representations were made by Syneron's territorial manager Mark Pawlowski.

21.     Dr. Dahiya received the equipment but he was never given the training as promised.

22.     In fact, another physician started to use the equipment on a patient but he almost immediately had to stop because that physician realized he did not have the training or knowledge on how to use the equipment safely so he was forced to end the treatment prematurely because of the serious danger to the patient.

23.     The equipment did not provide any income to Dr. Dahiya in spite of what had been represented.

24.     Now Dr. Dahiya has been sued by a subsidiary of U.S. Bank Corp. The action was commenced in state court but it has been removed by Dr. Dahiya to federal court. U.S. Bancorp apparently financed the sale and provided Syneron with a substantial sum. Now U.S. Bancorp wants to be paid for unusable equipment.

25.     Syneron has made many representations and warranties regarding the equipment that did not come to pass. Dr. Dahiya, suffice it to say, is distressed at what transpired. U.S. Bank is seeking payment of $178,664.03 plus accruing interest,

attorney's fees, and collection costs and such claimed amounts are continuously

increasing and accruing.

26.     For quite some time, Syneron has been well aware of the serious problems

with the equipment provided to Dr. Dahiya, the complete lack of service and training, and

Syneron's complete failure to follow through with its promises and representations.

## CAUSES OF ACTION

27.     Dahiya restates and re-alleges the allegations set forth in paragraphs 1-26

above as though fully set forth herein and further states and alleges as follows:

28.     Dahiya raises the claims asserted herein cumulatively and/or in the

alternative, under the laws of the State of California, the State of Delaware, and the State

of Minnesota and/or any under the laws of any other jurisdiction that may apply and said

causes of action should be interpreted, construed, and applied accordingly and through

Rules 13 and/or 14 of the Federal Rules of Civil Procedure.

29.     For all the causes of action herein, Dahiya seeks damages and/or equitable

relief, including but not limited to, indemnification and/or contribution for any amounts

found to be owed or that may be owed to U.S. Bank, to be determined at trial

## COUNT I
(Unfair Competition/Deceptive Trade Practices Act )

30.     Dahiya restates and re-alleges the allegations set forth in 1-29 above

as though fully set forth herein and further states and alleges as follows:

31.     As alleged herein, Syneron engaged in fraudulent and deceptive conduct in

violation of the Deceptive Practices Act and more specifically violations of CAL. BUS. &

PROF.CODE §17200 as well as violations of DEL CODE ANN. tit. 6, § 2532 (Deceptive Trade Practices).

32.     Syneron, as alleged herein, violated the Deceptive Trade Practices Act, because of its unlawful, unfair or fraudulent business acts and/or practices and unfair its deceptive untrue or misleading advertising.

33.     Dahiya, seeks damages to the extent allowable be law, restitution, and treble damages under DEL CODE ANN. tit. 6, § 2533 (c), attorney's fees, costs and other relief provided by such statutes for Syneron' violations of the Unfair Competition/Deceptive Practices Act as well as prospective injunctive relief so prohibiting Syernon from engaging in deceptive conduct and engaging in misleading advertising.

34.     Dahiya raises this claim(s), cumulatively and/or in the alternative, under the laws of the State of California, more specifically violations of the California Business and Professional Code § 17200, the State of Delaware, and the State of Minnesota and/or any under the laws of any other jurisdiction that may apply; any effort to litigate these claims in multiple, overlapping, inconvenient, vexatious, oppressive venues and/or jurisdictions is also a violation said statutory provisions and any such provisions of any agreement are void or otherwise unenforceable.

## COUNT II
### (Breach of Contract)

35.     Dahiya restates and re-alleges the allegations set forth in paragraphs 1-34 above as though fully set forth herein and further states and alleges as follows:

36.     As alleged herein, Syneron breached its agreement(s) with Syneron and Dahiya seeks damages, including but not limited to indemnification/contribution for any amounts found to be owed or that may be owed to U.S. Bank, to be determined at trial

## COUNT III
### (Breach of Warranty)

37.     Dahiya restates and re-alleges the allegations set forth in paragraphs 1-36 above as though fully set forth herein and further states and alleges as follows:

38.     As alleged herein, Syneron breached its warranty(ies) with Dahiya and Dahiya seeks damages and all applicable remedies, including but not limited to indemnification and/or contribution, to be determined at trial.

## COUNT IV
### (Common Law Fraud)

39.     Dahiya restates and re-alleges the allegations set forth in paragraphs 1-36 above as though fully set forth herein and further states and alleges as follows:

40.     As alleged herein, Syneron engaged in a scheme and artifice to defraud Dahiya.

41.     As a part of their scheme, Syneron made numerous fraudulent statements and related intentional misrepresentations.

42.     The representations involved and included past or present material facts which were susceptible to human knowledge and/or such representations involved and included future material facts which Syneron had no intention of carrying out at the time they were made.

43.     Based on the facts alleged herein and the inferences derived therefrom, said representations were made by Syneron knowing they were false or without knowing whether the facts were true or false; further, Syneron knowingly omitted material facts that, without disclosure, amounted to fraud and deceit in furtherance of Syneron' scheme.

44.     Said representations were made with intent to induce Dahiya to act thereon and to rely on such representations.

45.     Dahiya did in fact rely on Syneron' representations by obtaining the equipment in question and inducing Dahiya to enter into agreements with U.S. Bank.

46.     Dahiya has suffered serious damages as a direct and proximate cause of Syneron' representations and scheme.

47.      Said representations were made mainly through telephone conversations, personal meetings, faxes, and correspondence with Dahiya at Dahiya's offices in southern California in 2006 and 2007 while meeting with Syneron representations and communications with Syneron's offices in Ontario, Canada.

48.     Dahiya as a direct and proximate cause, of Syneron' fraudulent representations, seeks damages for an amount to be determined at trial.

## COUNT V
### (Promissory Estoppel)

49.     Dahiya restates and re-alleges the allegations set forth in paragraphs 1-48 above as though fully set forth herein and further states and alleges as follows:

50.     As alleged herein, Syneron made numerous representations and promises to Dahiya.

51.     Syneron reasonably expected Dahiya to induce action or forbearance on Dahiya's part.

52.     Dahiya  reasonably and justifiably acted and forebeared based directly on Syneron's promises.

53.     Under the circumstances, it would be unjust and inequitable for Dahiya not to obtain the benefits of what he had been promised.

54.     Based on the foregoing, Dahiya seeks damages, whether legal or equitable, including but not limited to restitution and special damages in an amount to be determined at trial

### COUNT VI
(Equitable Estoppel)

55.     Dahiya restates and re-alleges the allegations set forth in paragraphs 1-54 above as though fully set forth herein and further states and alleges as follows

56.     Syneron, as alleged herein, engaged in conduct, acts, language or silence amounting to representations or concealment of material facts.

57.     At all times material hereto, such facts were known by Syneron.

58.     The truth concerning these facts were unknown to Dahiya at the time the aforesaid conduct occurred as well the time when relied upon such conduct, representations or omissions.

59.     The aforesaid conduct, acts, omissions and representations were made, performed or accomplished by the Syneron with the intention or at least with the expectation, that the same would be acted upon by Mr. Dahiya or under such circumstances that it was both the natural and probable that he would so act and rely.

60.     Dahiya, acted upon Syneron' conduct, acts, omissions,

representations to his substantial detriment; Mr. Dahiya's reliance and actions were the

natural and probable result of the aforesaid conduct, acts, omissions, and representations.

61.     Based on the foregoing, Dahiya seeks equitable relief based upon equitable estoppel

against Syneron.

### COUNT VII
(Unjust Enrichment)

62.     Dahiya restates and re-alleges the allegations set forth in paragraphs 1-

61 above as though fully set forth herein and further states and alleges as follows:

63.     Syneron has been unjustly enriched by payments made by U.S. Bank to

Syernon for the worthless faulty equipment.

65.     Under such circumstances, Syneron have been unjustly enriched as it is

inequitable for the Syneron to retain aforesaid benefits without reimbursement/restitution to

Mr. Dahiya.

66.     By reason of the foregoing, Mr. Dahiya seeks equitable relief

including but not limited to reimbursement/restitution and/or indemnification and/or

contribution.

### COUNT VIII
(Negligent Misrepresentation)

67.     Dahiya restates and re-alleges the allegations set forth in paragraphs 1-66

forth herein and further states and alleges as follows:

68.      Syneron made negligent representations to Dahiya as alleged herein.

Syneron at all times materially hereto held themselves out as

experts  who were giving Dahiya honest and objective advice and that they specifically were

honest and trustworthy.

69.     Syneron is engaged in a business that is regulated by the federal and state

regulators and it is held to a high standard in making representations to medical professional

who provide medical services to the general public.

70.     In fact, if the equipment did not work of if property training was not provided,

the death and/or serious injury to patients could occur and the same was reasonably

foreseeable by Syneron.

71.     Syneron had a duty when making representations to someone in

Dahiya's position to exercise reasonable care.

72.     Syneron breached their duties by failing to exercise reasonable care with

their representations to Dahiya.

73.     Syneron, in taking the actions alleged herein, was acting in its

business and professional capacity  in a transaction in which they had a pecuniary interest.

74.     Syneron supplied false information for the guidance of Dahiya in such

transactions.

75.     Dahiya relied upon such reasonably and justifiably relied upon such

representations

76.     As a direct and proximate cause of Syneron' negligent representations,

Dahiya has been damaged, including but not limited to damages, in an

amount to be determined at trail and all remedies provided by law.

## COUNT IX
### (Declaratory Judgment)

77.     Dahiya restates and re-alleges the allegations set forth in paragraphs 1-76

forth herein and further states and alleges as follows:

78.     There is a controversy regarding Syneron's obligations to pay, reimburse,

indemnify or provide contribution to Dahiya for any amounts Dahiya owes or may owe to

U.S. Bank.

79.     For the reasons set forth herein, Dahiya seeks a declaration and judgment

that, based upon law and/or equity, that Syernon is liable for any amount that Dahiya

owes or may owe to U.S. Bank which is related to this matter.

**WHEREFORE**, Third Party Plaintiffs, Syneron, Shyam L. Dahiya, M.D., Inc., a

California corporation, and Shyam L. Dahiya, individually, pray for judgment against Third

Party Defendant, Syneron, Inc., a Delaware corporation, as follows:

1)      Awarding Dahiya damages, including but limited indemnification and/or
        contribution and/or reimbursement from Syneron for the claims alleged
        herein;

2)      Awarding Dahiya treble damages as provide by DEL CODE ANN. tit. 6, §
        2533(c) and as otherwise provided by Delaware law;

3)      Awarding Dahiya his costs, disbursements, and attorneys fees from
        Syneron herein;

4)      Dahiya seeks a declaration and judgment than Syneron is liable to
        any amount Dahiya owes or may owe U.S. Bank, for damages, costs,
        disbursements and/or attorney's fees or other amounts;

5)      Dahiya seeks injunctive relief enjoining Syneron's illegal and improper
        conduct prospectively;

6)      Dahiya further seeks equitable relief for unjust enrichment and for his
        equitable claims to be determined by the court;

7)      Dahiya seeks restitution from Syneron as provided by law and/or equity;

8)      Dahiya seeks all remedies in law and equity for all the claims alleged herein to the maximum extent possible;

9)      Dahiya reserves his right to seek punitive damages as provided by law;

10)     Such other and further relief as the court deems just and equitable;

11)     Dahiya seeks prejudgment interest at the maximum rate; and

12)     Dahiya reserves his right to demand a trial by jury for all issues so triable.


**THE OLIVER GROUP, PLC**


Dated: 2-27-2009                     /s/ Karl A. Oliver
                                     Karl A. Oliver, Esq., # 0269852
                                     1935 W. County Road B2, Suite 415
                                     Saint Paul, Minnesota 55113
                                     Telephone: 651-636-7960

                                     ***ATTORNEYS FOR THIRD PARTY
                                     PLAINTIFFS***