UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Lyon Financial Services, Inc., a Minnesota corporation, doing business as USBancorp Business Equipment Finance Group, with its principal offices at Marshall, Minnesota, | Court File No. 08-CV-05523 (DWF/JJK) |
| Plaintiff, | |
| vs. | **THIRD-PARTY DEFENDANT SYNERON, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** |
| Shyam L. Dahiya, M.D., Inc., a California corporation and Shyam L. Dahiya, individually, | |
| Defendants, | |
| and | |
| Shyam L. Dahiya, M.D., Inc., a California corporation and Shyam L. Dahiya, individually, | |
| Third-Party Plaintiff, | |
| vs. | |
| Syneron, Inc., | |
| Third-Party Defendant. | |

## INTRODUCTION

Third-Party Defendant Syneron, Inc. ("Syneron") seeks dismissal of the

Complaint of Third-Party Plaintiffs Shyam L. Dahiya, M.D., Inc. and Shyam L. Dahiya

(collectively "Dahiya"). This Court should dismiss Dahiya's Third-Party Complaint

pursuant to Rules 12(b)(3) and 12(b)(6) of the Federal Rules of Civil Procedure because Dahiya's claims against Syneron are subject to the forum selection clauses in the written agreements between Syneron and Dahiya.

## FACTUAL BACKGROUND

### I. THE PARTIES

Syneron is a Delaware corporation headquartered in California. (Declaration of Assaf Korner ("Korner Decl.") ¶ 2.) Syneron markets, sells, and services medical aesthetic devices. (Korner Decl. ¶ 2.) Shyam L. Dahiya, M.D., Inc. is a California corporation with its principal place of business in California. (Third-Party Complaint (Docket No. 11) ¶ 6.) Shyam L. Dahiya is a medical doctor residing in California who specializes in bariatric surgery. (Third-Party Complaint (Docket No. 11) ¶ 5.)

### II. SYNERON AND DAHIYA ENTERED INTO A SALES AGREEMENT WITH ACCOMPANYING LIMITED WARRANTIES.

#### A. The Sales Agreement.

In 2006, Syneron and Dahiya entered into a Sales Agreement. (Korner Decl., Ex. A.) Pursuant to the Sales Agreement, Syneron agreed to sell two of Syneron's medical device systems—the eLight elōs System and the Vela elōs System—to Dahiya. (Sales Agreement ¶ 1, Schedule of Equipment Purchased.) Syneron and Dahiya agreed that if Dahiya obtained third-party financing in connection with this purchase, Syneron would transfer title of the medical device systems to the third-party financing company. (Sales Agreement ¶ 1.) Syneron and Dahiya further agreed that, in the event of third-party financing, all remaining terms and conditions of the Sales Agreement would remain in full force and effect. (Sales Agreement ¶ 1.) In addition, Syneron and Dahiya agreed

that the medical device systems would be covered by a limited warranty. (Sales Agreement ¶ 7.) The Sales Agreement contains the following choice of law and forum selection clauses:

> 12.  Governing Law.  **This Agreement, including the Limited Warranty, and the rights and remedies provided hereunder and thereunder, and all claims, disputes, and controversies arising hereunder or related hereto, shall be governed by and construed under and enforced in accordance with the internal laws of the State of Delaware, without reference to the choice of law or conflicts of law principles**.
>
> 13.  Jurisdiction and Venue.  **The Customer consents to the exclusive jurisdiction and venue of any state or federal court located within the County of Cook in the State of Illinois**; provided that any suit seeking enforcement of Syneron's security interest in any Equipment may be brought, at Syneron's sole option, in the courts of any jurisdiction where such Equipment may be found.  Customer further waives any objection to jurisdiction and venue of any action instituted hereunder, and further agrees not to assert any defense based on lack of jurisdiction or venue, including forum non-conveniens.  Personal service of any summons, complaint or other process may be made by registered mail, postage prepaid, or by personal service within or without the State of Illinois or any means permitted by law.

(Sales Agreement ¶¶ 12-13.)  (Emphasis added.)

**B.   The Limited Warranties.**

The Sales Agreement is accompanied by two limited warranties. (Korner Decl. ¶¶ 4-5.) One limited warranty covers defects in "elōs System" equipment. (Korner Decl., Ex. B (hereinafter "elōs Limited Warranty").) The other covers defects in the Syner-Cool, Libra System. (Korner Decl. Ex. C (hereinafter "Syner-Cool Limited Warranty").) The elōs Limited Warranty contains the following choice of law and forum selection clause:

>   *Governing Law*.  **This Limited Warranty, and the rights and remedies provided hereunder, and all claims, disputes and controversies arising hereunder or related hereto, shall be governed by and construed under and enforced in accordance with the internal laws of the State of Delaware, without reference to choice of law or conflicts of law principles.**  The Customer and other party who asserts rights through or under the Customer, consents to the jurisdiction of any state or federal court located within the State of Delaware and further waives any objection to jurisdiction and venue of any action instituted hereunder, and further agrees not to assert any defense based on lack of jurisdiction or venue, including forum non-conveniens.  Personal service of any summons, complaint or other process may be made by any means permitted by law.  **Venue of any action brought to enforce or relating to this Limited Warranty shall be brought exclusively in the state or federal courts in the State of Delaware.**

(elōs Limited Warranty.)  (Emphasis added.)

### III.    THE PRESENT ACTION.

Dahiya financed his purchase from Syneron through a lease agreement with Lyon Financial Services, Inc. ("Lyon Financial").  (Complaint (Docket No. 1-1) ¶ 4.)  Lyon Financial commenced a civil action against Dahiya in the Fifth Judicial District of Minnesota alleging that Dahiya had defaulted on the lease.  (Complaint (Docket No. 1-1) ¶ 7.)  Dahiya removed the action to this Court.  (Notice of Removal (Docket No. 1).)  Dahiya is now attempting to add Syneron as a party to this action.  Dahiya's Third-Party Complaint purports to state the following causes of action against Syneron: (1) Unfair Competition/Deceptive Trade Practices Act; (2) Breach of Contract; (3) Breach of Warranty; (4) Common Law Fraud; (5) Promissory Estoppel; (6) Equitable Estoppel; (7) Unjust Enrichment; (8) Negligent Misrepresentation; and (9) Declaratory Judgment.  Each of these causes of action appears to be based on alleged misrepresentations made by Syneron to Dahiya in connection with Dahiya's purchase from Syneron.

# ARGUMENT

I. **DAHIYA'S ACTION AGAINST SYNERON SHOULD BE DISMISSED BECAUSE THE PARTIES AGREED THAT DAHIYA'S CLAIMS WOULD NOT BE LITIGATED IN MINNESOTA.**

   A. **Dahiya's Claims Against Syneron are Subject to the Forum Selection Clauses in the Sales Agreement and the elōs Limited Warranty.**

The Sales Agreement and elōs Limited Warranty both contain a broadly-worded, mandatory forum selection clause. The Sales Agreement states that Dahiya "consents to the <u>exclusive</u> jurisdiction and venue of any state or federal court located within the County of Cook in the State of Illinois." (Sales Agreement ¶ 13.) (Emphasis added.) The elōs Limited Warranty states that "[v]enue of any action brought to enforce or relating to this Limited Warranty <u>shall be brought exclusively</u> in the state or federal courts in the State of Delaware." (Emphasis added.)

Dahiya's claims in the Third-Party Complaint all appear to be based on alleged misrepresentations made by Syneron in connection with Dahiya's purchase of equipment from Syneron. Consequently, Dahiya's claims are subject to the forum selection clauses to which Dahiya agreed in writing when purchasing this equipment from Syneron.

   B. **The Forum Selection Clauses are Enforceable.**

The Eighth Circuit has "yet to adopt a definitive position" on the issue of whether state or federal law applies when determining the enforceability of a forum selection clause. <u>Servewell Plumbing, LLC v. Fed. Ins. Co.</u>, 439 F.3d 786, 789 (8th Cir. 2006). In the present case, as in <u>Servewell</u>, the Court need not decide this issue because both Minnesota and Delaware—the parties' choice of governing law—follow the federal standard announced by the Supreme Court in <u>The Bremen v. Zapata Off-Shore Co.</u>, 407

U.S. 1 (1972).  See Hauenstein & Bermeister, Inc. v. Met-Fab Indus., Inc., 320 N.W.2d 886, 889-90 (Minn. 1982) (adopting the rule of The Bremen); Hornberger Mgmt. Co. v. Haws & Tingle Gen. Contractors, Inc., 768 A.2d 983, 987 (Del. Super. Ct. 2000) (finding the forum selection clause at issue to be valid under the rule in The Bremen).

Under The Bremen, "[f]orum selection clauses are prima facie valid and are enforced unless they are unjust or unreasonable or invalid for reasons such as fraud or overreaching."  M.B. Rests., Inc. v. CKE Rests., Inc., 183 F.3d 750, 752 (8th Cir. 1999). Such clauses are enforceable "unless they would actually deprive the opposing party of his fair day in court."  Id.

Here, Dahiya cannot overcome the presumption of validity given to the forum selection clauses at issue.  Dahiya may argue that his allegations of fraud are a sufficient basis for this court to hold the forum selection clauses unenforceable.  The Eighth Circuit has already rejected this argument, holding that a forum selection clause may not be held unenforceable for fraud absent evidence that the forum selection clause itself was inserted into the agreement as a result of fraud.  Marano Enters. v. Z-Teca Rests., L.P., 254 F.3d 753, 757 (8th Cir. 2001) (holding that general allegations of fraud were insufficient to raise an issue regarding whether the forum selection clauses at issue were unenforceable). Dahiya may also argue that it is unreasonable to require him to pursue his claims against Syneron separately from his lawsuit with Lyon Financial.  This argument is also unpersuasive.  Any inconvenience a party may experience by defending one action while separately pursuing a claim against another party in another forum "does not constitute grounds for excusing [the party] from the explicit terms of its contract."  Kennebec Tel.

Co., Inc. v. Sprint Commc'ns Co. Ltd. P'ship, 477 F. Supp. 2d 1058, 1061 (D.S.D. 2007) (citing the Eighth Circuit's opinion in M.B. Rests. and dismissing a third-party complaint).

In sum, because Dahiya's claims are subject to the forum selection clauses and these clauses are enforceable, this Court should dismiss Dahiya's Third-Party Complaint for improper venue under Fed. R. Civ. P. 12(b)(3) or for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).

## CONCLUSION

Based on the foregoing, Syneron respectfully requests that this Court grant its motion to dismiss in its entirety.

Dated:  June 1, 2009

  s/Sarah C.S. McLaren
Cynthia A. Moyer (#211229)
Sarah C.S. McLaren (#0345878)
FREDRIKSON & BYRON, P.A.
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402-1425
Telephone:  (612) 492-7000
Facsimile:  (612) 492-7077

ATTORNEYS FOR THIRD-PARTY DEFENDANT SYNERON, INC.

4565012_1.DOC