**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

_____

| | |
|---|---|
| Lyon Financial Services, Inc. a Minnesota corporation, doing business as USBancorp Business Equipment Finance Group, with its principal offices at Marshall, Minnesota, | Case File No. 08-CV-05523 (DWK/JJK) |
| Plaintiff, | |
| vs. | |
| Shyam L. Dahiya, M.D., Inc., a California corporation and Shyam L. Dahiya, individually, | |
| Defendants, | **THIRD PARTY PLAINTIFFS' JOINT MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO DISMISS** |
| and | |
| Shyam L. Dahiya, M.D., Inc., a California corporation and Shyam L. Dahiya, individually, | |
| Third Party Plaintiffs, | |
| vs. | |
| Syneron, Inc, a Delaware corporation, | |
| Third Party Defendant. | |

_____

Third Party Plaintiff, Shyam L. Dahiya, M.D., Inc., a California corporation, and Shyam L. Dahiya, individually (collectively "Dahiya or "Dr. Dahiya"), hereby submit their Joint Memorandum of Law in Opposition to Third Party Defendant, Syneron, Inc., a Delaware corporation's ("Syneron"), Motion to Dismiss pursuant to Rule 12(b)(3) and/or 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth herein Syneron's Motion should be denied in its entirety.

# INTRODUCTION

Dr. Dahiya is a renown bariatric surgeon who focuses his time almost entirely on treating patients in clinics and hospitals in Southern California. Syneron heavily marketed certain products to Dr. Dahiya and other physicians in Southern California— specifically medical products that were said to be useful in the removal of excess skin in patients who have lost large amounts of weight.

Dr. Dahiya reluctantly purchased medical equitable marketed by Syneron's salesman. The Syneron salesman presented Dr. Dahiya with a form contract for him to sign along with the usual high pressure sales tactics and related sales promises typical of salesmen hungry for immediate large commissions.

After purchase, the equipment simply did not work and Dr. Dahiya did not receive the highly specialized training in the use of the equipment that he had been promised — without such training the use of the equipment could seriously injur or even cause the death of his patients.

Syneron's partner, U.S. Bank, paid Syneron for Dr. Dahiya's equipment and simultaneously had Dr. Dahiya enter into a contemporaneous agreement to pay U.S. Bank rather than Syneron. Because Syneron has been paid in full it had little if any incentive to follow through on its promises regarding its contractual warranties, promises of training, and related representations. After the purchase, Syneron simply walked away and washed its hands of the problem.

# SUMMARY

It has been said that one of the most famous opening lines in Western literature is: *Gallia est omnis divisa in partes tres. . .* or "Gaul is divided into three parts" from Julius

2

Caesar's immortal book *The Gallic Wars.* In this case Syneron has, in effect, structured its transaction with Dahiya by dividing venue into three parts and accordingly this motion could be best described as a "Tale of Three Venues."

The issues raised in the instant motion are a case of first impression in this district, in the Eighth Circuit, and perhaps in the country. It involves a party that creates multiple venues by separating a sales contract into two parts and then having the party's financial partner add a third venue to make it as difficult as possible for a customer to challenge its improper business practices and breaches of warranty and contract.

Here Syneron has split Dahiya's claims regarding venue in two separate venues: Cook County Illinois and the State of Delaware. The main sales contract between Syneron and Dahiya are purportedly only to be litigated in Illinois, yet warranty claims arising out of and directly under said contract are to be solely litigated more than a thousand miles east of Chicago in the State of Delaware.

To make matters worse, Synerons's financing partner U.S. Bank has a venue clause purporting to require that all disputes must be venued solely in Minnesota notwithstanding the other two "mandatory" venue provisions in Illinois and Delaware.

By way of background Dr. Dahiya was been hailed into court in Minnesota. U.S. Bank originally brought this matter in Lyon County, Minnesota near the South Dakota and Minnesota border and Dr. Dahiya removed the action to federal Court. Dr. Dahiya, when he entered into the transaction with Syneron in Southern California could simply never have imagined that he would be facing a tangled web of venue issues completely divorced and remote from the underlying events, witnesses, and evidence which are all located in Southern California.

3

It is undisputed that all three venues have utterly no connection with the underlying facts of this matter: none of the witnesses reside in Illinois, Delaware or Minnesota and the splitting of Dahiya's claims appears to be purely to make it as vexatious and difficult as possible for him to protect his rights in light of a defective product and misleading  statements and lack of follow through by Syneron.

### STANDARD UNDER RULE 12(b)(6) FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

In examining a Rule 12(b) motion, courts examine the facts and claims pled to see if a valid claim is pled.  Because dismissing under Rule  12(b)(6) is a severe remedy,  "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Conley* v. *Gibson*, 355 U.S. 41 (1957)(emphasis added); *Hinshon* v. *King & Spalding*, 467 U.S. 69 (1984); *Palmer* v. *Tracor, Inc.*, 856 F.2d 1131,1132 (8th Cir. 1988).

Significantly, for purposes of the motion to dismiss, the court takes the complaint's allegations as true and construes all reasonable interferences in the pleader's favor.  *Scheur v. Rhodes*, 416 U.S. 232, 236 (1974); *Palmer*, 856 F.2d at 1132. Even if the court may initially belief a claimant is unlikely to prevail based on the pleadings, the court may not dismiss under Rule 12(b)(6). *Neitzke* v. *Williams*, 109 S.Ct. 1827 (1989) and *Bramlet* v. *Wilson*, 495 F.2d 714 (8th Cir. 1974).

In this case Syneron's  Rule 12(b)(6) motion should be denied because it is not challenging the existence and/or validly of Dr. Dahiya's causes of action, rather Syneron is merely arguing that venue, which is waivable, is not proper. Therefore, the Court

4

should construe Syneron's motion under Rule 12(b)(3)(Objections as to Venue) in all respects.

## FEDERAL RULE OF CIVIL PROCEDURE 12(b)(3) STANDARD FOR MOTIONS FOR IMPROPER VENUE

A Rule 12(b)(3) motion to dismiss for improper venue is the proper procedural mode to challenge venue based on a contractual forum selection clause. *Continental Ins. Co. v. M/V Orsula*, 354 F.3d 603, 607 (7th Cir. 2003)(citing *M/S Bremen vs. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1971). Courts must construe all facts in the light most favorable to the non-moving party, and take the facts alleged in the complaint as true. *Transocean Group v. South Dakota Soybean*, 505 F.2d Supp. 2d 573, 575 (D. Minn. 2007)(citing *Goss Graphic Sys. v. Man Roland Druckmaschinen Aktiengesellschaft*, 139 F. Supp. 2d. 1040, 1056 (N.D. Iowa 2001); *U.S. v. Orshek* 164 F. 2d 741, 742 (8th Cir. 1947).

"The trial court must draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party" and that "conclusion is in accord with virtually unanimous authority of the reviewing courts that have faced this issue and with a leading federal procedural treatise has addressed this issue." *Murphy v. Schneider National, Inc.*, 349 F.3d 1124, 1229 (9th Cir. 2003); *New Moon Shipping Co., Ltd. v. MAN B&W Diesel AG*, 121 F. 3d 24, 29, (2nd Cir. 1997)((other citations omitted).

**DISCUSSION**

I.  **SYNERON'S RELIANCE ON MULTIPLE OVERLAPPING CONTRADICTORY FORUM CLAUSES SHOULD BE REJECTED UNDER FEDERAL LAW**

In general, "[v]enue is primarily a 'matter of convenience of litigants and witnesses.'" *Auto. Mechanics Local 7011 v. Vanguard Car Rental*, 502 F. 3d 740, 746 (7th Cir. 1007)(quoting *Firstar Bank, N.A. v. Faul*, 253 F.3d 982, 990 (7th Cir. 2001). As a result, venue can be waived or forfeited. *Id*.

Under federal law, forum selection clauses are enforced unless they are unjust or invalid for reasons such as fraud or overreaching. *M/S Bremen vs. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1971); *Servewell Plumbing, LLC v. Federal Ins. Co.*, 439 F. 3d 786, 789 (8th Cir. 2006). In other words, if the selection clause is unreasonable under the circumstances, it will not be enforced. *Continental Ins. Co. v. M/V Orsula*, 354 F.3d 603, 607 (7th Cir. 2003)(citing *M/S/ Bremen*, 407 U.S. at 10).

"'Forum selection clause is enforceable unless it is invalid or enforcement would be unreasonable and unjust.'" *Marano Enterprises of Kansas v. Z-Teca Restaurants*, 254 F.3d 753, 757 (8th Cir. 2001)(quoting *Dominium Austin Partners v. Emerson*, 248 F.3d 720, 726 (8th Cir. 2001).

In analyzing the propriety of a forum selection clause, one determines the issue on a case by case basis but there are three general separate reasons to not enforce such a clause: 1) a forum is seriously inconvenient; or 2) the choice of forum is part of an adhesion contract; or lastly 3) the forum selection clause is otherwise unreasonable. There are many reasons a contract forum selection clause could be construed as unreasonable for reasons other than being parts of adhesion contracts. *Hauenstein &*

*Bermeister v. Met-Fact Indus*, 320 N.W.2d 886, 891 (Minn. 1982).

In this case, under the principles stated above, Syneron's tripartite venue scheme is improper and wholly unreasonable and unjust. The contractual clauses Syneron relies on are at war with each other and they simply cannot be reconciled. Dahiya's claims cannot be mandatorily made solely in Illinois (with the exclusion of all other venues) and mandatorily in Delaware (with the exclusion of all other venues) at the same time. To make matters worse, Syneron's financing partner U.S. Bank forces Dr. Dahiya to litigate in Minnesota where all his defenses purportedly can only be made in two separate states according to Syneron.

Under Eight Circuit precedent, Syneron's venue scheme is "improper" and "unjust." *Marano Enterprises of Kansas*, 254 F.3d 753, 757 (8th Cir. 2001). Venue forum provisions are merely *prima facia* valid. *M/S Bremen*, 407 U.S. at 10. In the instant case, Syneron's drafting of two venue provisions completely contradictory with each other and which are at war with each other is unfair, unreasonable and/or oppressive as a matter of law.

This unusual and perhaps unprecedented fact pattern constitutes unreasonableness and oppression under the pertinent case law and by application of common sense. It should be noted that there are many reasons a contract forum selection clause could be construed as unreasonable for reasons other than being parts of an adhesion contract. *Hauenstein & Bermeister*, 320 N.W.2d at 891 (venue can be rules unreasonable for other reasons as catch all category). This hybrid case falls within the catch unreasonableness prong enunciated by the Minnesota Supreme Court and its sister federal and state courts in other jurisdictions.

## II.   SYNERON'S MULTI-JURISDICTIONAL VENUE ARGUMENT FAILS AS A MATTER OF STATE LAW

Dr. Dahiya alternately argues that dismissal for improper venue is improper based upon the substantive laws of State of Delaware rather federal law. The venue provision in question can be solely determined under the laws as well as equity principles as applied by the courts of the State of Delaware. Determining this case under federal law violates the principles elucidated under the doctrine of *Erie Railroad v. Tompkins,* 304 U.S. 64 (1938) and as expanded by that case's extensive progeny. It appears this issue, the *Erie* or substance vs. procedure problem, has not been decided by the Eighth Circuit and there is split opinion amongst the circuit courts as to whether a contractual forum clause is substantive or procedural. *M.B. Restaurants, Inc. v. CKE Restaurants, Inc.*, 183 F.3d 750 752 n. 4 ( 8th Cir. 1999); *see generally Hauenstein & Germeister*, 320 N.W.2d at 892(stating that case at bar is governed by the rules of waiver rather than that of rules relating to venue and jurisdiction).

While it appears that Delaware law mirrors federal law regarding forum selection clauses there are additional principles of Delaware law and equity and the same provides additional bases for rejecting Syneron's position on venue. There are three four main doctrines  under Delaware law that excuse contractual performance and/or not enforcing certain contractual provisions: 1) equitable estoppel; 2) waiver; 3) illegality; 4) general equitable principles and rules of contact interpretation. *See generally Nevins v. Bryan*, 885 A.2d 233, 249 (Del. Ch. 2005); *SmithKline Beecham Pharm. Co. v. Merck & Co.*,

766 A.3rd 442, 448-49 (Del . 2000).

Here, Syneron is equitably estopped from denying venue in Minnesota as the contractual provisions it relies are mutually inconsistent, like the physically impossility of having one's corporal body in two different places at the same time.

### III. THE COURT SHOULD REJECT SYNERON'S CLAIMS BECAUSE IT WASTES SCARCE JUDICIAL RESCOUCES.

Conducting multiple overlapping and related cases in more than one federal court is an utter waste of scarce judicial resources. Because of the dire economic situation in the country and the court's massive deficit, every penny must be watched. Therefore, the Court should take into consideration the important policy of judicial economy in ruling on Syneron's motion.

### IV. SYNERON IS A NECESSARY PARTY UNDER RULE 19a AND THEREFORE DISMISSAL FOR IMPROPER VENUE IS IMPROPER

Rule 19a requires that joinder of necessary parties. Dr. Dahiya, in his Complaint and Third Party Complaint, seeks all remedies available in law and equity. Rescission under the underlying agreements between Dahiya and U.S. Bank is one of those remedies. When a contract is set aside all parties to the contract must be present. *Dawavendewa v. Salt River Project Agric Improvement & Power District*, 276 F.3d 1150, 1156-57 (9th Cir. 2002); *Northrop Corp. v. McDonnell Douglas Corp.*, 705 Fed 1030, 1044 (9th Cir. 1983). Here the transaction with Dr. Dahiya is intertwined with Syneron and U.S. Bank. Because Dahiya seeks rescission, all parties must be in the same forum. Dismissing for improper venue would be improper in these circumstances as such dismissal would contravene Rule 19a.

## CONCLUSION

Third Party Plaintiff, Shyam L. Dahiya, M.D., Inc., a California corporation, and Shyam L. Dahiya, individually respectfully requests that Syneron's Motion to be denied in its entirety for the reasons set forth herein.

**THE OLIVER GROUP, PLC**

Dated: 7-10-2009        /s/ Karl A. Oliver
Karl A. Oliver, Esq., # 0269852
1935 W. County Road B2, Suite 415
Saint Paul, Minnesota 55113
Telephone: 651-636-7960

***ATTORNEYS FOR THIRD PARTY PLAINTIFFS***