**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

Court File No. 08-CV-05523 (DWF/JJK)

Lyon Financial Services, Inc., a
Minnesota corporation, doing business
as USBancorp Business Equipment
Finance Group, with its principal offices
at Marshall, Minnesota,

        Plaintiff,

vs.

Shyam L. Dahiya, M.D., Inc., a
California corporation and Shyam L.
Dahiya, individually,

        Defendants,

and

Shyam L. Dahiya, M.D., Inc., a
California corporation and Shyam L.
Dahiya, individually,

        Third-Party Plaintiff,

vs.

Syneron, Inc.,

        Third-Party Defendant.

**THIRD-PARTY DEFENDANT
SYNERON, INC.'S REPLY
MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS**

## ARGUMENT

Third-Party Defendant Syneron, Inc. ("Syneron") seeks dismissal of the Third-Party Complaint filed by Third-Party Plaintiffs Shyam L. Dahiya, M.D., Inc. and Shyam L. Dahiya (collectively "Dahiya") based upon improper venue and failure to state a claim

upon which relief can be granted.  As more fully explained below, Dahiya's Response in Opposition to Syneron's Motion to Dismiss fails to effectively challenge Syneron's request for dismissal, and, in fact, Dahiya fails to dispute the primary basis for Syneron's Motion to Dismiss.

Dahiya does not dispute that Dahiya's claims against Syneron are subject to mandatory forum selection clauses to which Dahiya and Syneron agreed in writing.  Dahiya also does not dispute that "[f]orum selection clauses are prima facie valid." M.B. Rests., Inc. v. CKE Rests., Inc., 183 F.3d 750, 752 (8th Cir. 1999).  Instead, Dahiya responds to Syneron's motion with three futile arguments.  First, Dahiya argues that the forum selection clauses at issue are unenforceable because they are unreasonable.  Second, Dahiya argues that Syneron is equitably estopped under Delaware law from objecting to venue in Minnesota.  Finally, Dahiya argues that Syneron's motion must be denied because Syneron is a necessary party to this action pursuant to Rule 19 of the Federal Rules of Civil Procedure.  As discussed below, each of these arguments lacks merit, and this Court should grant Syneron's Motion to Dismiss in its entirety.

## I.  THE FORUM SELECTION CLAUSES ARE ENFORCEABLE.

As Dahiya acknowledges, forum selection clauses are prima facie valid and are enforceable unless they are unreasonable and unjust.  (Mem. in Opp. (Docket No. 17) at 6-7.)  Courts have interpreted this to mean that forum selection clauses are enforceable "unless they would actually deprive the opposing party of his fair day in court." M.B. Rests., 183 F.3d at 752.  Here, Dahiya fails to demonstrate how enforcement of the forum selection clauses to which he agreed would deprive him of his fair day in court.  Instead,

Dahiya argues that enforcement of these clauses will cause him to litigate his claims against Syneron separately from his present dispute with Lyon Financial Services, Inc. (Mem. in Opp. (Docket No. 17) at 7.)  This argument is unpersuasive.  Any inconvenience a party may experience by defending one action while separately pursuing a claim against another party in another forum "does not constitute grounds for excusing [the party] from the explicit terms of its contract."  Kennebec Tel. Co., Inc. v. Sprint Commc'ns Co. Ltd. P'ship, 477 F. Supp. 2d 1058, 1061 (D.S.D. 2007) (citing the Eighth Circuit's opinion in M.B. Rests. and dismissing a third-party complaint).  The forum selection clauses in Dahiya's agreement with Lyon Financial Services, Inc., an unrelated third-party, provide no basis to release Dahiya from his forum selection choices in his agreements with Syneron.

Perhaps sensing the weakness of his argument, Dahiya attempts to create a diversion by focusing on the fact that there are two forums identified in the Syneron forum selection clauses—namely, Delaware and Illinois.[1]  (Mem. in Opp. (Docket No. 17) at 7.)  This is a red herring.  At this time, the Court need not address, much less decide, the question of whether Delaware or Illinois is the proper forum for Dahiya's claims against Syneron.  Instead, this Court must only decide the only issue presented, which is whether venue in Minnesota is proper.  Clearly it is not.  Because Dahiya can

---

[1]  Dahiya claims that "it is undisputed" that the Delaware and Illinois have no connection with Dahiya's claims against Syneron. (Mem. in Opp. (Docket No. 17) at 4.) While this argument is a red herring, Syneron notes that Dahiya's statement is baseless. Delaware is the state of incorporation of Syneron and Syneron has offices located in Illinois.

make no showing that dismissal of his Minnesota action against Syneron will deprive him of his fair day in court, this Court should dismiss Dahiya's Third-Party Complaint.[2]

## II. DAHIYA'S ARGUMENTS BASED ON EQUITABLE ESTOPPEL AND RULE 19 OF THE FEDERAL RULES OF CIVIL PROCEDURE LACK MERIT.

In addition to his argument that the forum selection clauses at issue are unreasonable, Dahiya argues that Syneron is equitably estopped from objecting to venue in Minnesota and that Syneron's motion must be denied because Syneron is a necessary party to this action pursuant to Fed. R. Civ. P. 19. Both of these arguments fail.

### A. The Doctrine of Equitable Estoppel Provides No Basis for This Court to Refuse to Enforce the Forum Selection Clauses to which Dahiya and Syneron Agreed.

Dahiya acknowledges that Delaware—the parties' choice of governing law—follows the federal standard outlined above when determining the enforceability of forum selection clauses. (Mem. in Opp. (Docket No. 17) at 8.) Despite this, Dahiya grasps for some basis to defend against Syneron's motion by asserting that Syneron is equitably estopped under Delaware law from objecting to venue in Minnesota. (Id. at 9.) Dahiya offers no facts in support of this bare assertion. (Id.)

---

[2] Despite Dahiya's argument to the contrary, dismissal is procedurally proper pursuant to either Fed. R. Civ. P. 12(b)(3) (improper venue) or Fed. R. Civ. P. 12(b)(6) (failure to state a claim upon which relief can be granted). See Marano Enters. v. Z-Teca Rests., L.P., 254 F.3d 753, 757-58 (8th Cir. 2001) (upholding district court's dismissal for improper venue based on forum selection clause); Silva v. Encyclopedia Britannica, Inc., 239 F.3d 385, 387 (1st Cir. 2001) ("[A] motion to dismiss based upon a forum-selection clause is treated as one alleging the failure to state a claim for which relief can be granted under Fed. R. Civ. P. 12(b)(6).").

The doctrine of equitable estoppel simply has no relevance to the present motion. Under Delaware law, "the doctrine of equitable estoppel applies when a party intentionally, or unintentionally, induces another to detrimentally rely on the party's conduct." Burge v. Fid. Bond & Mortgage Co., 648 A.2d 414, 420 (Del. 1994).  To prevail on such a claim, a party must show that: (1) the party lacked knowledge or the means of obtaining knowledge of the truth of the facts in question,  (2) the party relied on the opposing party, and (3) the party suffered a prejudicial change in position as a result of that reliance.  Id.

Dahiya offers no facts in support of his claim of equitable estoppel and fails to demonstrate the existence of any of the three necessary elements above.  Consequently, the doctrine of equitable estoppel provides no basis to prevent the enforcement of the forum selection clauses to which the parties agreed.

### B.     Rule 19 the Federal Rules of Civil Procedure Supports Syneron's Motion to Dismiss Dahiya's Third-Party Complaint.

Dahiya's final argument in opposition to Syneron's Motion to Dismiss is that dismissal is inappropriate under Rule 19 of the Federal Rules of Civil Procedure because Syneron is a necessary party to the present action.  (Mem. in Opp. (Docket No. 17) at 9.) Dahiya's argument ignores the plain language of Rule 19: "If a joined party objects to venue and the joinder would make venue improper, the court must dismiss that party." Fed. R. Civ. P. 19(a)(3) (emphasis added).  Here, Syneron has properly objected to venue through its Motion to Dismiss.  Joinder of Syneron in the present action would make venue improper due to the forum selection clauses agreed to by Syneron and Dahiya.

- 6 -

Consequently, pursuant to Rule 19(a)(3), this Court must dismiss Syneron from the present action.

## **CONCLUSION**

Based on the foregoing, Syneron respectfully requests that this Court grant its Motion to Dismiss in its entirety.

Dated:  July 20, 2009

  s/Sarah C.S. McLaren
Cynthia A. Moyer (#211229)
Sarah C.S. McLaren (#0345878)
FREDRIKSON & BYRON, P.A.
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402-1425
Telephone:  (612) 492-7000
Facsimile:  (612) 492-7077

ATTORNEYS FOR THIRD-PARTY DEFENDANT SYNERON, INC.

4592748_2.DOC