# T<small>HE</small> O<small>LIVER</small> G<small>ROUP</small>, PLC

P<small>ROFFESIONAL</small> A<small>SSOCIATION</small>
<small>ATTORNEYS-AT-LAW</small>
**415 W<small>INSOR</small> O<small>FFICE</small> P<small>LAZA</small>**
**1935 W<small>EST</small> C<small>OUNTY</small> R<small>OAD</small> B2**
S<small>AINT</small> P<small>AUL</small>, M<small>INNESOTA</small>  55113
T<small>ELEPHONE</small>  (651) 636-7960
F<small>ACSIMILE</small>   (651) 631-8251

March 3, 2010

Hon. Donovan W. Frank
United States District Court Judge
Warren E. Burger Federal Building
316 North Robert Street
St. Paul, MN 55101

Re:    *Lyon Financial Services, Inc., et al. vs. Shyam L. Dahiya et al.*
       United States District Court for the District of Minnesota
       Court File No. 08-CV-05523

Dear Judge Frank:

I am writing to update you about my clients, Shayam L. Dahiya M.D., Inc. and Shyam L. Dahiya's, claims with Syernon, Inc. ("Syneron")  that were transferred to federal court in Illinois.

Last week in the Illinois federal case, Syneron took the position that its principle place of business had moved to California at the time the claims against it were commenced although they had previously agreed to the transfer to that court. Based upon that position, Judge Ruben Castillo dismissed the case without prejudice so it could be filed in Illinois state court in Chicago.

Rather than appealing that ruling, I anticipate my clients will litigate their claims against Syneron in state court in Chicago.

I am disappointed—I had hoped that the parties could have had an early settlement conference with Syneron so as to get both matters resolved. I still think my clients' claims against Syneron will settle but I am not confident on the timing of when that will take place.

At present, the Court has a pending summary judgment motion under advisement:

As I see it, the order on the summary judgment claims may:

1)    Rule in Plaintiff's favor thus ending the case; or

2)    Deny Plaintiff's motion but rule in favor of my clients' legal defenses in opposition to the summary judgment motion which would foreclose Plaintiff's claims and also end the case; or

Letter to Hon. Donovan W. Frank
March 3, 2010
Page 2

3)  Deny Plaintiff's motion based upon the existence of fact issues. If there were fact issues, I believe they would be quite narrow.

I also am exploring the possibility of requesting a bench trial, with my client's approval, rather than a jury trial; it is my understanding that Plaintiffs are amenable to that.

Based on what has transpired, including the fact that Syneron is not at the negotiating table and due to the status of the Illinois litigation, having a settlement conference here under the circumstances would not be productive.

In closing, it would greatly clarify matters if the Court issued its order on the pending summary judgment motion. The issuance of such an order would either end the case one way or the other or it would likely narrow the issues should a trial be needed.

Very truly yours,


/s/ Karl A. Oliver
Karl A. Oliver
KAO/mlm

cc:    Troy Keppler, Esq.